# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-08-289-R |
| | ) | CIV-16-553-R |
| SKYLER LEE PASLEY, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Pasley's Motion under 28 U.S.C. § 2255 to vacate his sentence. (Docs. 55 & 56). Plaintiff United States has filed a Motion to Enforce the Collateral Attack Waiver or, Alternatively, a Motion to Dismiss. (Doc. 60). Defendant has responded. (Doc. 63).

For the following reasons, the Court GRANTS the United States' Motion. Defendant's Motion to Vacate is therefore DENIED.

### Factual and Procedural Background

This habeas petition arises from Defendant Skyler Pasley's plea agreement he entered into with the United States in February 2009 (Doc. 27). Pursuant to that plea agreement, Mr. Pasley pled guilty to Counts 1, 2, 6, 7, 8, and 9 of his indictment. Two of those counts are relevant to the Court for purposes of deciding this motion. First, Mr. Pasley pled guilty to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). That conviction was the underlying crime for his guilty plea on Count 7: brandishing a firearm during and in

1

relation to a *crime of violence*, in violation of 18 U.S.C. § 924(c)(1)(A). Defendant also waived his right to appeal or collaterally challenge his guilty plea, sentence, or any other aspect of his conviction so long as the conviction was within or below the advisory guidelines determined by the Court. (Doc. 27, at 7–8). In exchange for the plea agreement, the government agreed to dismiss Counts 3, 4, and 5.

The U.S. Probation's Office final presentence report determined that the resulting advisory guideline range for counts 1, 2, 6, 8, and 9 was 46 to 57 months' imprisonment. Pursuant to U.S. Sentencing Guidelines § 5G1.2(a), the sentence for Count 7 was required to be determined by the statute itself—§ 924(c)—and to be imposed consecutively. § 924(c)(1)(A) called for a term of imprisonment of not less than 84 months for anyone found guilty of brandishing a firearm during a crime of violence. This Court adopted the presentence report without change and sentenced Mr. Pasley to a term of 130 months' imprisonment, consisting of 46 months on Counts 1, 2, 6, 8, and 9, to run concurrently with each other, and 84 months on Count 7, to run consecutively to the other counts.

Defendant has now moved to vacate his sentence for Count 7 under 28 U.S.C. § 2255. He contends that in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), his conviction for Hobbs Act Robbery as a crime of violence under § 924(c) is unconstitutional.

For the following reasons, the Court GRANTS the United States' Motion to Dismiss. Defendant's Motion to Vacate is DENIED.

## Discussion

I.    **The *Johnson* Decision**

The crux of Mr. Pasley's argument is that the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) rendered his conviction under § 924(c) unconstitutional. *Johnson* addressed the Due Process implications of the Armed Career Criminal Act ("ACCA"), specifically § 924(e)(1), under which a defendant convicted of being a felon in possession of a firearm faced more severe punishment if he had three or more previous convictions for a "violent felony." That term—violent felony—was defined by the a residual clause in the ACCA to include all "conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii). The Court struck down that clause as unconstitutionally vague under the Fifth Amendment's guarantee of Due Process. *Id.* at 2560. Its decision hinged on lower courts' use of the categorical approach when deciding whether an offense "involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 2558. This framework required a court to "assess whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Id.* at 2557 (internal citation omitted). Lower courts were "pictur[ing] the kind of conduct that the crime involves in 'the ordinary case,' and [were judging] whether that abstraction present[ed] a serious potential risk of physical injury." *Id*.

This application of the categorical approach to the residual clause, and in particular two concomitant problems, thus rendered the residual clause unconstitutionally vague. *Id.* at 2557. For one, requiring judges to "tie[] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements" left "grave uncertainty about how to estimate the risk posed by a crime." *Id*. Further, and at a

3

more basic level, there was a tremendous amount of uncertainty about how much risk was needed for a crime to qualify as a violent felony. *Id.* at 2558. These two features of the categorical approach sounded the death knell for § 924(e)(2)(B)(ii): "By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.*

That said, the Court went out of its way to emphasize that other criminal laws using terms like "substantial risk" were being left intact and that its decision "did not call into question . . . the remainder of the Act's definition of a violent felony." *Id*. at 2663. In other words, preserved intact was the ACCA's other clause, § 924(e)(2)(B)(i), defining a violent felony as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."

## II. *Johnson*'s application to Mr. Pasley's conviction.

That brings us to Mr. Pasley's argument: because *Johnson* invalidated the residual clause of § 924(e)(2)(B)(ii)  ("conduct that presents a se*rious potential risk of physical injury* to another"), his guilty plea on Count 7 for brandishing a firearm during a "crime of violence" should be vacated because § 924(c)(3)(B) is equally vague in that it defines "crime of violence" as a felony "that by its nature, involves a *substantial risk of physical force*" against a person or property of another." (emphasis added).

Neither the Supreme Court nor the Tenth Circuit has addressed the question of whether *Johnson*'s vagueness analysis applies to invalidate the definition of "crime of

4

violence" in § 924(c)(3)(B). To be sure, some circuits have already rejected the very same argument Mr. Pasley presses today. The Second Circuit upheld the constitutionality of § 924(c)(3)(B) since it was "materially []distinguishable" from the provision at issue in *Johnson*. *United States v. Hill,* 832 F.3d 135, 146 (2nd Cir. 2016) ("Section 924(c)(3)(B) does not involve the double-layered uncertainty present" in *Johnson*). So too did the Sixth Circuit. *United States v. Taylor*, 814 F.3d 340, 379 (6th Cir. 2016) ("[Defendant's] argument that *Johnson* effectively invalidated § 924(c)(3)(B) is accordingly without merit."). And the Eighth Circuit is in agreement as well. *United States v. Prickett*, 839 F.3d 697, 699 (8th Cir. 2016) ("join[ing] the Second and Sixth Circuits in "upholding § 924(c)(3)(B) against a vagueness challenge.").

Still, Mr. Pasley contends that the "crime of violence" residual clause in § 924(c)(3)(B) is impermissibly vague, especially given that several circuits have already struck down as unconstitutional the identical language in 18 U.S.C. § 16(b) defining "crime of violence."[1] *See, e.g., Shuti v. Lynch*, 828 F.3d 440, 447 (6th Cir. 2016); *United States v. Vivas-Ceja*, 808 F.3d 719, 720 (7th Cir. 2015); *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015), *cert granted,* 137 S.Ct. 31. And though the Tenth Circuit recently joined these circuits in holding that *Johnson* rendered 18 U.S.C. § 16(b) unconstitutionally vague, it expressly abstained from offering any opinion on the constitutionality of § 924(c)(3)(B). *Golicov v. Lynch*, 837 F.3d 1065, 1069, 1071 n. 1 (10th Cir. 2016). In short, unanimity is

---

[1] 18 U.S.C. § 16 defines "crime of violence" as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

5

lacking on whether the definition of crime of violence found in § 924(c)(3)(B) remains constitutionally sound in light of *Johnson.*

### III. Mr. Pasley's conviction is unaffected by *Johnson* because his underlying conviction for Hobbs Act Robbery is still a crime of violence.

Mr. Pasley's motion thus comes before the Court during a time of considerable uncertainty regarding the validity of § 924(c)(3)(B). No matter. Even if the Supreme Court were to hold (1) that *Johnson*'s analysis applies with equal vigor to § 924(c)(3)(B) and (2) that *Johnson* applies retroactively to invalidate convictions under that statute, Mr. Pasley's claim still fails because his underlying crime of violence—interference with commerce by robbery (Hobbs Act robbery)—categorically qualifies as a crime of violence under the § 924(c)(3)(A) ("the elements clause"). The elements clause defines the term "crime of violence" as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* In other words, Mr. Pasley's conviction for Hobbs Act robbery will always qualify as a crime of violence—warranting a conviction under the elements clause—because Hobbs Act robbery contains as an element the use, attempted use, or threatened use of physical force. So for purposes of Mr. Pasley's motion, it is immaterial whether *Johnson* invalidated Mr. Pasley's conviction under § 924(c)(3)(B) because his Hobbs Act robbery conviction still qualifies as a crime of violence under § 924(c)(3)(A).

Circuit courts are in agreement on this. *See Hill,* 832 F.3d 135, 144 (2nd Cir. 2016) ("[W]e agree . . . that Hobbs Act robbery 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'"); *see also*

*United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016) (explaining "that Hobbs Act robbery indisputably qualifies as a crime of violence under" § 924(c)(3)(A)) (internal quotes and brackets omitted); *see also In re Fleur*, 824 F.3d 1337, 1341 (11th Cir. 2016) (holding that Hobbs Act robbery "meets the use-of-force clause of the definition of a crime of violence under § 924(c)(3)(A)"); *Cf. United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016) (concluding that defendant's Hobbs Act robbery conviction qualifies as a serious violent felony under 18 U.S.C. § 3559(c) because it "has as an element the use, attempted use, or threatened use of physical force against the person of another").

Nonetheless, Mr. Pasley still maintains that his conviction for Hobbs Act robbery cannot categorically be a crime of violence under § 924(c)'s elements clause because it does not necessarily require the use, attempted use, or threatened use of physical force. He invokes the definition of robbery in the Hobbs Act:

> The unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual of threatened force, or violence or *fear of injury*, immediate or future, to his person or property.

18 U.S.C. § 1951(b)(1) (emphasis added).

Mr. Pasley thus argues that since § 1951 can be violated by placing someone in "fear of injury" rather than by "the use, attempted use, or threatened use of physical force" as required by § 924(c)'s elements clause, his robbery conviction cannot be categorically considered a crime of violence, and his conviction should therefore be vacated. He argues that not all robbery convictions involve the use of physical force, such as "a larceny that is done by the threat of poison or starvation." Doc. 56, at 4. This, he insists, would violate 18

7

U.S.C. § 1951 because it involves putting a person in fear of injury. It would not, he contends, constitute a crime of violence under § 924(c)(3)(A) because it would not involve the use, attempted use, or threatened use of physical force.

The Second Circuit rightly rejected this very argument in *Hill* by relying on Supreme Court precedent. As the Supreme Court held in *Gonzales v. Duenas-Alvarez,* "to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language." 549 U.S. 183, 193, 127 S. Ct. 815 (2007). In other words, "a defendant is required 'to point to his own case or other cases in which the . . . courts in fact did apply the statute' in such a manner to show that there is a 'realistic probability' that the Hobbs Act would reach the conduct [Defendant] describes." *Hill,* at 142–143 (citing *Gonzales,* 549 U.S. at 193). Mr. Pasley has failed to do this. He has pointed to no case where a defendant's Hobbs Act robbery conviction was on the basis of larceny committed by means of threat of poison or starvation. His proposed robbery-by-poison scenario seems to be the precise type that *Duenas-Alvarez* held will not save a Due Process challenge.

The Ninth Circuit used similar reasoning to reject Mr. Pasley's argument in *United States v. Howard*, 650 Fed.Appx. 466, 468 (9th Cir. 2016). There, the court analogized the Hobbs Act robbery provision's "fear of injury" to the federal bank robbery statute's use of "intimidation." *Id.* Intimidation, it explained, means willfully "to take or attempt to take, in such a way that would put an ordinary, reasonable person *in fear of bodily harm*"— which it said met the requirement of a "threatened use of physical force" included in "crime of violence." *Id.* (emphasis in original). By analogy, just as bank robbery by intimidation

qualified as a crime of violence because it instilled the fear of bodily injury, so too did Hobbs Act robbery; both criminalized putting the ordinary reasonable person in fear of bodily harm—and were thus crimes of violence. *Id.*

Nonetheless, Mr. Pasley circles back to Tenth Circuit precedent, which he says undermines the notion that Hobbs Act robbery categorically qualifies as a crime of violence. The problem is that neither of the cases he cites is directly on point and both are suspect given later Supreme Court decisions.

First, Mr. Pasley relies on *United States v. Perez-Vargas*, in which the Tenth Circuit held that Colorado's third-degree assault statute did not unambiguously require the use or threatened use of physical force, and therefore was not categorically a "crime of violence" under USSG § 2L1.2. 414 F.3d 1282, 1287 (10th Cir. 2005). The issue with Mr. Pasley's reliance on that decision is that *Perez-Vargas*'s reasoning is rooted on the premise that there were a myriad of hypothetical scenarios in which a defendant could be guilty of assault albeit without using physical force. The Court specifically cited "recklessly shooting a gun in the air to celebrate, intentionally placing a barrier in front of a car causing an accident, or intentionally exposing someone to hazardous chemicals." *Id.* at 1286. Fair enough, but *Perez-Vargas* predated the Supreme Court's directive in *Duenas-Alvarez* that courts should not conjure up a "theoretical possibility" that the statute could be used to prosecute a defendant's proposed conduct. *Duenas-Alvarez*, 549 U.S. at 193. *Perez-Vargas* thus seems thrown into question given *Duenas*-Alvarez's later mandate that Mr. Pasley—if he is in fact to prove that Hobbs Act robbery would punish some conduct that would not also qualify as a crime of violence under § 924(c)'s elements clause—must "point to his

9

own case or other cases in which the [court] did in fact apply the statute in the special (nongeneric) manner for which he argues." *Id.*

Next, Mr. Pasley points to *United States v. Rodriguez-Enriquez*, in which the Tenth Circuit held that second-degree assault under Colorado law was "not a crime of violence" since assault could include things such as "drugging by surreptitious means," which did not involve the use of physical force as required to be second-degree assault. 518 F.3d 1191, 1196 (10th Cir. 2008). Mr. Pasley appears to be arguing that because *Rodriguez-Enriquez* held that drugging or poisoning a victim did not involve the use of force (and therefore could not be a crime of violence), larceny done by threat of poison (his proposed behavior that he insists would qualify as a Hobbs Act robbery) is not a crime of violence under Tenth Circuit law. And because Hobbs Act robbery would criminalize conduct that § 924(c)'s elements clause would not, Hobbs Act robbery cannot *categorically qualify* as a crime of violence. The analogy is a stretch, but at any rate, *Rodriguez-Enriquez* would seem to be undermined by the Supreme Court's decision six years later in *United States v. Castleman*, 134 S.Ct. 1405 (2014). There, in direct contrast to the Tenth Circuit's holding in *Rodriguez-Enriquez* that poisoning or drugging a victim could not constitute the use of "physical force," the Supreme Court held that physical force "encompasses even its indirect application," such as in instances of poisoning or a laser beam. *Id.* at 1414–15.

In sum, the Court suspends judgment on whether *Johnson* invalidates Mr. Pasley's conviction under § 924(c)(3)(B). Mr. Pasley's conviction for Hobbs Act robbery, 18 U.S.C. § 1951, still qualifies as a crime of violence under § 924(c)(3)(A). The Supreme Court's decision in *Johnson* therefore does not affect his sentence. Because *Johnson* does not affect

his sentence, then, pursuant to 28 U.S.C. § 2255(f)(1), Mr. Pasley had one year from the date of his final judgment to file his § 2255 motion. His judgment became final on July 31, 2009. He filed his motion more than a year later, on June 3, 2016. This motion is thus untimely.

## IV. Appealability

The Court denies Mr. Pasley a Certificate of Appealability ("COA") under Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts. Where a habeas petition is denied on procedural grounds, Petitioner is entitled to a COA only if he demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Stack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When a habeas petition is denied on the merits, Petitioner is entitled to a COA only if he demonstrates "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931, 944 (2003) (*citing Slack v. McDaniel, supra*). Mr. Pasley has made neither showing and is therefore not entitled to a COA. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22 if he wishes to appeal the Court's ruling on his motion.

For the reasons above, Mr. Pasley's motion under 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE because it is barred by the statute of limitations and lacks merit.

IT IS SO ORDERED this 7th day of December 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE